[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11298
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-01766-RDP-SGC

DELANO RENEE FULLER,

Plaintiff - Appellant,

versus

JIM GATES,
Capt.,
JONATHAN STIDHAM,
Col.,
RONNIE HALL,
Col.,
RANDY BURNES,
Col.,
TERRY TUCKER,
Lt., et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama - Jasper
_____

(July 11, 2016)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

DeLano Renee Fuller, a federal prisoner, appeals *pro se* the dismissal of his complaint about the violation of his civil rights by correctional officers at the Hamilton Work Release Center, by Platinum Homes Trailer Plant and three of its employees, and by Lamb Motors and its owner, Dwight Lamb. *See* 42 U.S.C. § 1983. The district court *sua sponte* dismissed Fuller's complaint for failure to state a claim. 28 U.S.C. § 1915A(b)(1). We affirm.

We review *de novo* the *sua sponte* dismissal of a prisoner's complaint for failure to state a claim. *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001).

The district court did not err by dismissing Fuller's claims that the correctional officers violated his right to equal protection by treating white prisoners more favorably when assigning jobs and resolving disciplinary matters. Fuller failed to establish that he was similarly situated to the white prisoners who allegedly received more favorable treatment. *See Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318–19 (11th Cir. 2006). Fuller alleged that white prisoners who were transferred with him to the Center received jobs first, but Fuller failed to describe the white prisoners' skills to establish that he had similar qualifications. Fuller also alleged that he lost his job at Platinum Homes for failing to maintain a

2

specific pace of production while white prisoners who were less physically fit kept their jobs, but Fuller did not contend that fitness was the only relevant qualification for the jobs or that the white prisoners worked at a pace similar to or slower than Fuller. In addition, Fuller complained about being removed from his position at Lamb Motors for taking jewelry when cleaning up the scene of a car accident while a white prisoner retained his job despite failing a drug test and possessing a cellular telephone, but Fuller did not allege that the white prisoner took property owned by another person or from his worksite. Although Fuller's position was given to a white prisoner, Fuller did not allege that the white prisoner had violated prison rules. Fuller also complained about being disciplined for taking the jewelry while two white prisoners were not disciplined for obtaining synthetic marijuana, but the offenses committed by Fuller and the white prisoners are readily distinguishable. Fuller argues, for the first time, that the officers' actions constituted unlawful employment practices, *see* 42 U.S.C. 2000e-2(a)(1), but we will not consider a theory of liability that Fuller did not present to the district court. *See Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011).

The district court also did not err by dismissing Fuller's claims that he was denied due process during disciplinary proceedings. For an inmate to state a claim that prison officials have deprived him of a liberty interest in violation of due process, he must establish either that the "deprivation of [a] benefit 'imposes

3

atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life'" or that "a change in [his] conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court." *Kirby v. Siegelman*, 195 F.3d 1285, 1291 (11th Cir. 1999) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Fuller alleged that he was required daily to perform two additional hours of work and he lost telephone and visitation privileges for 45 days after being found guilty at a disciplinary hearing of "unauthorized possession of state and/or another person's" jewelry and that he incurred similar sanctions for a 30-day period after being found guilty of creating a security or safety hazard by opening the door of a bus while it was transporting prisoners to work. But these sanctions did not impose an "atypical and significant hardship on" Fuller or affect the duration of his sentence. *See id.*; *see also Francis v. Fox*, 838 F.2d 1147, 1149–50 (11th Cir. 1988). And Fuller submitted disciplinary reports that established he received all procedural protections afforded to prisoners, including notice of the charges against him, a hearing during which he was permitted to question witnesses and testify on his behalf, and a written statement describing the evidence relied on by the hearing officer. *See Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974). Fuller also alleged that the correctional officers confiscated the jewelry without due process, but Fuller did not establish that he had a legitimate interest in

4

the property. *See Cone v. State Bar of Fla.*, 819 F.2d 1002, 1004–05 (11th Cir. 1987).

Fuller has abandoned any challenge that he could have made to the dismissal of his complaints against Platinum Homes and its employees and against Lamb Motors and its owner or to the dismissal of his claim that correctional officers bullied him based on his race. Fuller complained that Platinum Homes and its employees and that Lamb Motors and its owner engaged in discriminatory hiring and termination practices, but Fuller does not dispute that the companies and the individuals did not act under color of state law. *See* 42 U.S.C. § 1983. Fuller also complained that correctional officers slighted him by referring to him as "one of those young punks with [his] pants falling off" and threatened to hit him, but he does not contest the adverse ruling that the defamatory statements and threats did not implicate any right protected by the Constitution or by federal law. *See id.*; *Emory v. Peeler*, 756 F.2d 1547, 1554 (11th Cir. 1985). We deem abandoned any disagreement that Fuller might have with the dismissal of his complaints against Platinum Homes and its employees and against Lamb Motors and its owner or with the dismissal of his claim about being bullied by correctional officers. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

We **AFFIRM** the dismissal of Fuller's complaint.